

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUL 3 1 2007
J. T NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| CAROLYN C. MIRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SHOE STATION, INC.<br>and Does 1 though 10 inclusive,<br><br>Defendant. | Civil Action No. 3:07cv446DPJJCS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Carolyn C. Mirick ("Plaintiff"), on behalf of herself and all others similarly situated and alleges as follows:

### INTRODUCTION

1. In 2003, the Fair and Accurate Transaction Act ("FACTA") was enacted to assist in the prevention of identify theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2. One section of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.      The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although Defendant (defined below) has had up to three years to comply, Defendant has willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to the debit card and credit card holders transacting business with Defendant..

6.      Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et seq*.

7.      Plaintiff seeks, on behalf of herself and the proposed class, statutory damages, punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15 U.S.C. §§1681 *et seq*.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C.§1681p.

10.     Plaintiff's individual claims asserted herein arose in this judicial district at Defendant's place of business, Shoe Station, 1061 East County Line Road, Jackson, Mississippi 39211, while the claims of the class members arose at the Defendants' various stores.

11.     Venue in this judicial district is proper under 29 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

12. Plaintiff, Carolyn C. Mirick, is and at all times relevant hereto was, an adult citizen and resident of Holmes County, Mississippi.

13. Defendant, Shoe Station, Inc., is a foreign corporation whose principal place of business is at 450 Bel Air Blvd., Mobile, AL 36606, and whose registered agent for service of process is Charles Whiteside 1537 Pelican Bayou, Biloxi, Mississippi 39535. "Defendant" means Shoe Station, Inc., and defendants Does 1 through 10. Defendant is a "person that accepts credit or debit cards for the transaction of business" within the meaning of FACTA.

14. Plaintiff is unaware of the true names of defendants Does 1 through 10. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

15. Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

16. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17. Plaintiff seeks to represent a class of persons to be defined as follows:

> CLASS: All persons to whom the Defendant, by use of any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions, provided an electronically printed receipt at the point of sale or transaction on which Defendant printed 1) more than the last five digits of the person's credit card or debit card number, and/or 2) the expiration date of the person's credit card number, during the applicable statutory period.

18. <u>Numerosity:</u> The CLASS described in the above paragraph is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective CLASS members through this class action will benefit both the parties and this Court.

19. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the respective class described in the paragraph above.

20. The exact size of the CLASS and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to, Defendant's sales and transaction records.

21. Members of the CLASS may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to the CLASS and deemed necessary and/or appropriate by this Court.

22. <u>Typicality:</u> Plaintiff's claims are typical of the claims of the members of the CLASS. The claims of the Plaintiff and members of the CLASS are based on the same legal theories and arise from the same unlawful and willful conduct.

23. Plaintiff and members of the CLASS were each customers of Defendant at an

applicable time using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and members of the CLASS, Defendant provided to Plaintiff and each member of the CLASS, a receipt in violation of 15 U.S.C. §1681c(g).

24.     <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the CLASS.

25.     The questions of fact and law common to the CLASS predominate over questions which may affect individual members and include the following:

   a.   Whether Defendant's conduct of providing Plaintiff and the members of the CLASS with a sales or transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated FACTA, 15 U.S.C. §§1681 *et seq.*;

   b.   Whether Defendant's conduct was willful;

   c.   Whether Plaintiff and members of the CLASS are entitled to statutory damages, punitive damages, costs and/or attorney fees for Defendant's acts and conduct.

26.     <u>Adequacy of Representation:</u>  Plaintiff can and will adequately, and vigorously represent and protect the interests of the members of the CLASS and has no interests antagonistic to the members of the CLASS. Plaintiff has retained counsel who are competent and qualified to prosecute this class action litigation.

27.     <u>Superiority:</u> A class action is superior to other available means for the fair and efficient adjudication of the claims of the CLASS. While the aggregate damages which may be awarded to the members of the CLASS are likely to be substantial, the damages suffered by the individual members of the CLASS are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each

member of the CLASS to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the CLASS. The likelihood of the individual members of the CLASS prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the CLASS. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

28.   <u>Injunctive Relief:</u>   Defendant has acted on grounds generally applicable to the members of the CLASS, thereby making appropriate final injunctive relief with respect to the CLASS as a whole.

## FIRST CAUSE OF ACTION

### For Violation of 15 U.S.C. §§1681 *et seq.*

### (On Behalf of Plaintiff and the Members of The CLASS)

29.   Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

30.   Plaintiff asserts this claim on behalf of herself and the CLASS against Defendant.

31.   Title 15 U.S.C. §1681c(g)(1) provides that:

> ...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

32. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

33. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provision of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

34. Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the CLASS. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

35. After the effective date of the statute, Defendant, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed more than the five digits of Plaintiff's credit card or debit card number and/or printed the expiration date of Plaintiff's credit or debit card.

36. Defendant, at the point of a sale or transaction with members of the CLASS, provided each member of the CLASS with one or more electronically printed receipts on each of which Defendant printed, for each respective the CLASS member, more than the last five digits of such member's credit card or debit card number and/or printed the expiration date of such member's credit or debit card.

37. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

38. Defendant knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card

numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

39.     Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had more than three years to comply with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of The CLASS– persons with whom Defendant transacts business.

40.     Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing processes into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

41.     In contrast, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

42.     Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the CLASS thereby exposing Plaintiff and the members of the CLASS to an increased risk of identity theft and credit and/or debit card fraud.

43. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of the CLASS in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

44. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the CLASS are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3).

45. As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the CLASS are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

46. Defendant's conduct is continuing and, unless restrained, Defendant will continue to engage in its willful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the CLASS, prays:

a. That the Court enter an order certifying the CLASS and appointing Plaintiff as the representative of the CLASS, and appointing counsel for Plaintiff as counsel for the CLASS;

b. That a jury be empaneled to hear this cause;

c. That an award be made to Plaintiff and the members of the CLASS for statutory damages pursuant to 15 U.S.C.§ 1681n(a)(1)(A) for Defendant's willful violations;

d. That an award be made to Plaintiff and the members of the CLASS for punitive damages pursuant to 15 U.S.C.§ 1682n(a)(2);

g. That the Plaintiff and the members of the CLASS be awarded the costs of suit herein incurred pursuant to, *inter alia,* 15 U.S.C. § 1681n(a)(3);

h. That the Plaintiff and the members of the CLASS be awarded reasonable attorneys' fees pursuant to, *inter alia,* 15 U.S.C.§ 1681n(a)(3));

j.  That a permanent injunction be granted enjoining Defendant from engaging in conduct in violation of FACTA; and

k.  For such other and further relief as the Court may deem proper.

Respectfully submitted,

BY: *Don Barrett* (signature)

Don Barrett (MSB # 2063)
404 Court Square North
P.O. Box 987
Lexington, MS 39095
662.834.2376
662.834.2628 fax